PHILIP FIX v. ESTHER LORANGER ET AL.

*Mortgage of land—Foreclosure sale vacated.*

The owner of a mortgage agreed, in writing, with the widow of the owner of the equity of redemption, that he would bid the property in on foreclosure and pay her a certain amount, less the sum then due on the mortgage. Instead of doing so he allowed the property to be struck off to another person for much less than its value and for less than half of what he had agreed to pay her, and took a conveyance of it from the purchaser. The sale was not such a public sale, with competition, as the law contemplates. *Held* that the widow and heirs of the owner of the equity of redemption were entitled to have the sale vacated ; and as this was not a proceeding to enforce the agreement with the mortgagee or to determine who would have been entitled to the moneys which he was to have paid to the widow, the question whether the agreement was not a fraud upon the rights of the heirs or of creditors does not arise.

Appeal from Monroe. (Morris, J.) Jan. 18.—Feb. 27.

FORECLOSURE. Defendant appeals. Reversed.

*Burton Parker* for complainant.

*Golden & Zabel* and *C. A. Stacy* for defendants.

COOLEY, J. This is an appeal from the denial of an application to set aside a foreclosure sale in chancery. The mortgage which was foreclosed was given by Soloman and Louis Nadeau and their wives, but it is assumed in the proceedings that the equity of redemption had passed in his life-time to Zephiam Loranger now deceased, of whom the defendant Esther Loranger is widow, and several of the other defendants heirs at law. Two of these defendants are infants and six are non-residents. Before the foreclosure was begun, Fix as owner of the mortgage made a written agreement with the widow that he would foreclose and bid in the land, and pay to her $950, less the sum that should then be due on the mortgage, and which proved to be a little more than one-third of this sum. The hearing in the

court below was upon exceptions to the confirmation of the report of sale.

A number of irregularities occurred in the foreclosure, but no one of them is important in view of the main fact that complainant allowed the premises to be struck off to another person for $425, less than half what he had agreed to pay to the widow. No one pretends that this was a fair price for the land or even such a price as it should bring on any forced sale. The complainant's agreement is very conclusive evidence that wrong was done in the sale.

It is said, however, that the contract with the widow was a fraud upon the rights of the heirs, or of the creditors, if there are any. But this is not a proceeding to enforce the contract with Fix, or to determine who would have been entitled to the moneys if Fix had paid to the widow what he agreed. The plain fact is that the land has been sold for a grossly inadequate price, and the parties interested in the equity of redemption—perhaps all of them—have suffered it because they relied upon this contract. There has been no such public sale with open competition as the law contemplates ; and under the circumstances it is only just that one be now ordered.

Complainant, it appears, has received a conveyance from the party who bid at the sale, so that the rights of no third party are involved. The sale must therefore be vacated, and the petitioners against it must recover the costs of this Court.

GRAVES, C. J. and MARSTON, J. concurred.