[No. 11605. Department One — September 30, 1887.]

## CHUNG KEE ET AL., RESPONDENTS, v. L. DAVIDSON ET AL., APPELLANTS.

CONTRACT — ACTION BY PARTY INCIDENTALLY BENEFITED. — A person who is not a party to a contract, and for whose benefit it was not expressly made, cannot maintain an action thereon, notwithstanding the contract, if performed by the parties to it, would incidentally inure to his benefit.

APPEAL from a judgment of the Superior Court of Calaveras County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. H. Budd*, and *W. K. Boucher*, for Appellants.

*James A. Louttit*, and *Woods & Levinsky*, for Respondents.

The COURT. — The defendants W. Cook and A. Cook executed a deed which, upon its face, purported to be an absolute conveyance of certain property therein described, consisting in part of some mines, which deed was in fact a mortgage to secure certain indebtedness

from the Cooks to the defendants L. Davidson and S. C. Peek. Afterwards, the latter persons executed and delivered to the former an agreement, in writing, which stipulated that if, by a certain time, the indebtedness secured by the mortgage deed should be paid, L. Davidson and S. C. Peek would reconvey the property set out therein to the Cooks. The agreement contained, among other things, a provision that the Cooks should retain the possession and management of the mines mentioned in the mortgage deed, and that they were to turn over to L. Davidson and S. C. Peek the entire result of each "clean-up" of the "flumes and under-currents of the mines," the result of which "clean-ups"—that is, the precious metals extracted therefrom—was to be applied by those to whom "turned over," "to the defraying of the expenses of running and working said mines," and "the payment of all promissory notes, obligations, and accounts of indebtedness, of whatsoever nature, due said parties of the first part,"—that is, L. Davidson and S. C. Peek,—"and the firm of Davidson and Peek." L. Davidson was not a member of the firm of Davidson & Peek; that firm, it appears, was composed of M. Davidson and S. C. Peek. While the Cooks, under that agreement, were working the mines, they became indebted to certain Chinamen for labor done and laborers furnished in such working, and they gave to the Chinamen a written statement of such indebtedness. These claims the Chinamen to whom they were given, and in whose favor they originally stood, transferred properly to the present plaintiffs, who brought this action for the amount due on the assigned claims for work and labor done and furnished in working and running the mines, alleging that, under the terms of the agreement or written contract formerly mentioned, they were entitled to receive those amounts from L. Davidson and S. C. Peek, and the Cooks, out of certain "gold-dust," the result of the "clean-up" of July, 1884, which was deliv-

ered to L. Davidson in accordance with the terms of the stipulation, and which amounted in value to the sum of $5,564.40. From that sum it seems that Davidson paid the firm of Davidson and Peck, for goods, wares, merchandise, etc., furnished to the Cooks, and to others upon their order, the sum of $2,794.28, and took therefrom for himself the sum of $1,152.97 on account of advances of money and goods made by him to the Cooks, and that he also supplied towards the payment of a note for $2,000, given by the Cooks for money advanced to them by him the previous year, the sum of $1,700. He also paid, about a month afterwards, out of his own money, to a man named Guy, the sum of $425, the amount of a lien for work done by Guy for the Cooks, in the mines aforesaid, in the year 1883. The Cooks did not defend the action, and judgment by default was rendered against them for about $2,100. The action, as to the defendants L. Davidson and S. C. Peek, was tried before a jury, who brought in a verdict for the plaintiffs for $1,900, without interest, upon which a judgment was duly rendered, from which, and an order refusing to grant them a new trial, L. Davidson and S. C. Peek have appealed.

The court instructed the jury: " 3. When a person receives money or property which it is his duty to pay to third persons, as to those third persons he becomes an original debtor and promisor." " 5. It is not necessary for the plaintiffs to prove a direct promise from the defendants Davidson and Peek, or either of them, to entitle them to recover, provided the jury believe from the evidence that the gold-dust . . . . was delivered to said Davidson in pursuance of said contract, and that the same was sufficient in amount to pay the claim and demand of the plaintiffs, or such proportion thereof as should remain after paying other running and working expenses." " 9. The moment the gold-dust was delivered, the plaintiffs' claim, or at least the claim of plaintiffs'

assignors, became vested, and neither of said defendants Davidson or Peek, or the Cooks, or either of them, or all, had any right or power to change or divest that right."

The deed and written agreement, when read together, show a mortgage, and the conditions upon which a redemption of the mortgaged property may be had. Respondents contend that the agreement is a contract, made for the benefit of plaintiffs' assignors, and as such can be enforced, although said assignors are not named as parties therein. Section 1559 of the Civil Code, upon which this contention is based, reads as follows: "A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." The general rule applicable to cases of this kind is, that " when two persons, for a consideration sufficient as between themselves, covenant to do some act which, if done, would incidentally result in the benefit of a mere stranger, that stranger has not a right to enforce the covenant, although one of the contracting parties might enforce it as against the other." (*Lake Ontario etc. R. R. Co.* v. *Curtiss,* 80 N. Y. 222.) We cannot say that the contract before us was made expressly for the benefit of the plaintiffs' assignors. On the contrary, we think it was made expressly for the benefit of the parties named therein. The most that can be said is, that it is a contract *incidentally* for the benefit of those who worked in the mine. The clean-up was to be paid by the Cooks to the defendants. The Cooks were largely indebted to these defendants when this agreement was made, and advances evidently were to be made by the defendants to the Cooks during the working of the mine for the running expenses thereof; and this, no doubt, was the consideration which caused the parties to place the covenant referred to in the contract. Such advancements were, in fact, made to the extent of several hundred dollars. It is not necessary that the parties for whose benefit the contract has been made should be named in the

contract. It must appear, however, by the direct terms of the contract, that it was made for the benefit of such parties. It cannot be implied from the fact that the contract would, if carried out between the parties to it, operate incidentally to their benefit.

Judgment and order reversed, and cause remanded for a new trial.

Hearing in Bank denied.