THOMPSON YARDS, Inc., Respondent, v. VAN NICE, et al, Appellants.

(239 N. W. 753.)

(File No. 7167.   Opinion filed December 19, 1931.)

Fletcher & Fletcher, of Aberdeen, for Appellant.
Corrigan & Walton, of Aberdeen, for Respondents.

ROBERTS, J.   The defendant Continental Casualty Company appeals from an order denying its motion for a new trial and from a judgment entered for the plaintiff.

The defendant John Van Nice entered into a written contract on April 7, 1928, with the Christian Reformed Church of Hull, N. D., for the construction of a church building. The contractor under the terms of the contract was required to furnish all labor and materials, and to submit evidence satisfactory to the architect that all pay rolls, material bills, and other indebtedness connected with the work had been paid before final inspection and acceptance. The contractor, as principal, and the appellant, as surety, furnished a bond containing the following recitals and conditions:

"Know All Men: That we, John Van Nice, Pollock, South Dakota, hereinafter called the Principal, and Continental Casualty Company, General Office, Chicago, Ill., hereinafter called the Surety or Sureties, are held and firmly bound unto The Christian Reformed Church, Hull, North Dakota, hereinafter called the Owner in the sum of Sixteen Thousand, Two Hundred Eighty-one Dollars and Thirty-five cents ($16,281.35) for the payment whereof the Principal and the Surety or Sureties bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents,

"Whereas, the Principal has, by means of a written Agreement, dated April 7th, 1928, entered into a contract with the Owner for Construction of frame church building at Hull, North Dakota, a a copy of which Agreement is by reference made a part hereof;

"Now Therefore, the Condition of this Obligation is such that if the Principal shall faithfully perform the Contract on his part, and satisfy all claims and demands, incurred for the same, and shall fully indemnify and save harmless the Owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the Owner all outlay and expense which the Owner may incur in making good any such default, and shall pay all persons who have contracts directly with the Principal for labor or materials, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

On June 29, 1928, defendant Van Nice also entered into a contract with the Hope Reformed Church of Westfield, N. D., for the construction of a church building; the terms of the contract and the recitals and conditions of the bond furnished, with the exception of amounts, dates, and the name of the owner in the

contract and the obligee in the bond, are identical with those contained in the contract with, and the bond furnished the Christian Reformed Church of Hull, N. D.

.The plaintiff, relying upon the conditions of the bonds, furnished materials for the two church buildings, and for which judgment here appealed from was rendered against the appellant. It is contended in behalf of the appellant that it assumed the obligation of a surety for the protection of the Christian Reformed Church of Hull, N. D., and the Hope Reformed Church of Westfield, N. D., against loss by reason of any default of its principal, John Van Nice, in the performance of his contracts with the churches; that there has been no breach in the conditions of the contracts; that the obligees named in the bonds were not liable for materials furnished by the plaintiff; and that no privity of contract was created between the appellant and respondent.

It is undisputed that the obligees named in the bonds made no contracts with materialmen, and at no time did they become liable for the materials furnished. It is conceded that the North Dakota lien statute pleaded by way of defense does not permit the filing of a lien without the consent of the owner of the premises, and, so far as appears from the record, no written consent was given and no lien could be enforced. The question of the existence of a lien or the right to perfect a lien upon the buildings for which materials were furnished is not before us.

A subject that has been a source of much judicial discussion and divergence of opinion is whether a contract made for the benefit of a third person may be enforced by him. Section 808, Rev. Code 1919, gives expression to the prevailing rule in the United States. This section reads: "§ 808. Beneficiary May Enforce. A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

The statute is not applicable to every contract made by one person with another from the performance of which a third person will derive a benefit; the intent to make the contract inure to the benefit of a third party must be clearly manifested. In the language of the statute, the contract must be one "made expressly for the benefit of a third person." It is not necessary, however,

that the person for whose benefit the contract has been made should be named in the contract; but it must appear by the direct terms of the contract that it was made for his benefit. Fry v. Ausman et al., 29 S. D. 30, 135 N. W. 708, 710, 39 L. R. A. (N. S.) 150, Ann. Cas. 1914C, 842; Hollister v. Sweet et al., 32 S. D. 141, 142 N. W. 255; Evans & Howard Fire Brick Co. v. National Surety Co., 42 S. D. 109, 173 N. W. 448, 452.

■ Is there a sufficient agreement or promise of the appellant to pay the obligation of the plaintiff to authorize it to institute this action to enforce this as an agreement or promise for its benefit? By reference to the conditions of the bonds, it will be observed that they covenant performance of the contracts by the principal, and also payment by him of all persons who have contracted directly with the principal for labor and materials. Among the terms of the contract, which is expressly made a part of the bond, is the agreement of the principal to furnish all of the materials and perform all of the labor connected with the construction of the buildings, and before final inspection and acceptance of the buildings, to submit satisfactory evidence that all pay rolls, material bills, and other indebtedness connected with the work have been paid. The agreement in the contract on the part of the contractor to pay claims of materialmen and laborers is coextensive with the agreement in the bond for the payment of such claims.

In Evans & Howard Fire Brick Co. v. National Surety Co., supra, the city of Watertown entered into a contract with a firm for the construction of a sewer. A bond was exacted, among other conditions, for the faithful performance of the contract, and for payment of all materials furnished or labor performed, and the plaintiff therein brought the action on the bond against the guarantor to recover on a claim for materials. The contractor, the principal named in the bond, in its contract with the city of Watertown agreed to pay for all labor performed or materials used or furnished in carrying out the terms of the contract. In sustaining the sufficiency of the complaint, this court said: "It has been suggested upon this appeal that the guaranty contract of defendants may not be construed as a contract made expressly for the benefit of laborers and materialmen, for the reason that the effect of such construction would be to enlarge the liability upon the contract of indemnity intended only to protect the city, which liability

extended only to the amount which might be due the defaulting contractor after completion of the contract by the city itself. If the indemnity contract upon a fair consideration and interpretation of all its terms and conditions must be construed as intended for the benefit of the city alone, this objection is insuperable. On the other hand, if it appears from all the terms and express conditions of the bond that it was intended for the protection of both the city and of laborers and materialmen, such an objection is without force. We are inclined to the view that the latter interpretation should be adopted in this case, and that, in view of all its terms and conditions, the contract should be construed as having been made expressly for the protection of laborers and materialmen as well as the city."

See, also, Yawkey-Crowley Lumber Co. v. Sinaiko, 189 Wis. 298, 206 N. W. 976; Algonite Stone Mfg. Co. v. Fidelity & Dep. Co., 100 Kan. 28, 163 P. 1076, L. R. A. 1917D, 722; French v. Farmer, 178 Cal. 218, 172 P. 1102; Jordan v. Kavanaugh, 63 Iowa 162, 18 N. W. 851.

It is urged that the case at bar is not within the rule of cases where bonds are given to secure the performance of contracts for public improvements; that such bond derive their validity from statutory enactment. The majority opinion in Evans & Howard Fire Brick Co. v. National Surety Co., supra, is not premised upon the provisions of a statute requiring the furnishing to a city a bond by a party with whom a city contracts for public improvements, but upon the terms of the bond. If a contractor's bond is sufficiently definite and precise to impose a liability to' pay the claims of third parties for labor and materials, such bond furnished to a state or a municipality is an enforceable obligation, irrespective of the existence of a statute, and affords a right of action to a person furnishing materials or performing labor. Anderson Lbr. Co. v. National Surety Co., 49 S. D. 235, 207 N. W. 53; Western Material Co. v. Enke et al., 56 S. D. 302, 228 N. W. 385; People's Lumber Co. v. Gillard, 136 Cal. 55, 68 P. 576; Builders' Lumber & Supply Co. v. Chicago Bonding & Surety Co., 167 Wis. 167, 166 N. W. 320; Puget Sound State Bank v. Gallucci, 82 Wash. 445, 144 P. 698, Ann. Cas. 1916A, 767; Williams v. Markland, 15 Ind. App. 669, 44 N. E. 562; Cove Irrigation Dist. v. Am. Surety Co. of N. Y. (C. C. A.) 42 F. (2d) 957.

It is further contended by appellant that since there is no lien upon the properties of the churches, named as obligees in the bonds, they cannot be injured by failure of the contractor to pay for materials; that there is no privity of contract between the appellant and either of the obligees; and that the obligees owe no duty or obligation to the plaintiff. There is a line of decisions in support of appellant's contention that a contract made expressly for the benefit of a third person must be one in which the promisor undertakes to pay or discharge some debt or duty which the obligee or promisee owes to the third party. Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195; Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 Am. St. Rep. 618; Phoenix Ins. Co. v. Trenton Water Co., 42 Mo. App. 118. In discussing this subject and the leading authorities in support of the rule, Prof. Williston, in his work on Contracts, says: "The law of New York is not very clear. It has been held in recent decisions that in order to entitle one who is not a party to a contract to sue upon it, the promisee must owe him some duty; but it seems that a moral duty is enough, and this gives the court considerable latitude. And recent decisions make it probable that ultimately any contract for the sole benefit of a third person may be enforced by him. Minnesota has adopted the same requirement of an obligation from the promisee to the beneficiary. Missouri has also held some duty necessary and a moral duty sufficient, but a late decision inconsistently dispenses with the requirement. A suggestion of the sort is occasionally found in other states. The supposed necessity results from a confusion of the two distinct types of cases. The early New York cases bearing on the right of a creditor to sue one who had promised the debtor to pay the debt recognized that the creditor's right was derivative and that it was by virtue of his claim against the debtor that he acquired a right to sue upon the promise to the debtor. But the requirement of a debt or duty is wholly inapplicable to contracts for the sole benefit of a third person." I Williston on Contrats, § 368.

In Fry v. Ausman et al., supra, this court expressed the view: "It seems equally clear to us that, whenever two parties enter into an agreement that appears to have been made expressly for the benefit of a third party, and such agreement has a good and suffiient consideration, the agreement itself creates all the privity there

need be between the person for whose benefit the agreement was entered into and the party assuming the obligation, and an action at law should lie regardless of whether there was any obligation existing between the other party to the agreement and the third party. But, before the third party can adopt the agreement entered into and recover thereon, he must show clearly that it was entered into with the intent on the part of the parties thereto that such third party should be benefited thereby. This intent might, in a given case, sufficiently appear from the contract itself, but it must frequently be shown by other proof."

We are of the view that it was not necessary in the instant case to the creation of a right of action in a third party beneficiary against the appellant that the obligees in the bonds should owe any duty to the beneficiary, and that privity between the obligees and plaintiff was not necessary to the instituting of this action.

In Fish & Hunter Co. et al. v. New England Homestake Co. et al., 27 S. D. 221, 130 N. W. 841, 844, this court quoted with approval the following rule expressed in Jefferson v. Asch, supra: "Without undertaking to lay down a general rule defining when a stranger to a promise between others may sue to enforce it, we are prepared to say that—where there is nothing but the promise, no consideration from such stranger, and no duty or obligation to him on the part of the promisee—he cannot sue upon it." That this expression is dictum was subsequently recognized in Fry v. Ausman, supra, wherein this court, after referring to the approval of the rule, said: "It is thus seen that the precise question now before us was not necessarily involved in the Fish & Hunter Co. Case, and we therefore approach the discussion of it as though we had made no reference to it in our opinion in such case."

We therefore hold that, under the clear terms and conditions of the bonds, the appellant not only indemnified the obligees against loss by reason of default in the performance of the building contracts, but also guaranteed the payment of amounts due third persons for materials purchased by the contractor and required in the erection of the buildings.

The judgment and order appealed from are affirmed.

POLLEY, P. J., and CAMPBELL, WARREN, and RUDOLPH, JJ., concur.