#24682-aff in pt, rev in pt & rem-SLZ

**2008 SD 70**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

CHARLES E. SISNEY,                                          Plaintiff and Appellant,

  v.

BEST INC. (Individually),
CBM, INC. (Individually), and
WILLIAM CARL PREYER
(Individually),                                          Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE KATHLEEN K. CALDWELL
Judge

* * * *

CHARLES E. SISNEY
SD State Penitentiary
Sioux Falls, South Dakota                          Pro se plaintiff and appellant.

JEFFREY L. BRATKIEWICZ
MICHELE A. MUNSON of
Woods, Fuller, Shultz & Smith, P.C.                  Attorneys for defendants
Sioux Falls, South Dakota                          and appellees.

* * * *

CONSIDERED ON BRIEFS
ON MARCH 26, 2008

OPINION FILED **07/23/08**

#24682

ZINTER, Justice

[¶1.] Charles E. Sisney, an inmate in the South Dakota State Penitentiary (SDSP), filed a *pro se* complaint against Best Inc., CBM Inc., and William Carl Preyer (Defendants). Sisney asserted claims under 42 USC §§ 1983 and 1985. He also asserted numerous state law claims. All claims arise out of Best's and CBM's contracts with the State to provide food at the SDSP. The circuit court dismissed for failure to state a claim, concluding that Sisney's complaint was untimely as to Best, and that it failed to allege sufficient facts to support the remaining federal and state claims. With the exception of the state law claim of deceit, we affirm.

I

[¶2.] Sisney pleaded that he is Jewish and follows a kosher diet as part of his religion. He further pleaded that the State entered into a contract with Best to provide food services at the SDSP from February of 2000 until July 31, 2002. As part of this contract, Best provided a kosher diet, including kosher bread. Best purchased the bread from Metz Baking Company.

[¶3.] In August 2002, the State entered into a new contract with CBM to provide the same services, including food for kosher diets. From that time until December 8, 2004, CBM provided prisoners receiving a kosher diet with the same bread Best had previously served. On December 8, 2004, CBM began purchasing bread from Old Home Bakery.

[¶4.] Sisney later "heard rumors" from other prisoners that the bread Best and CBM provided might not have been "certified" kosher. Sisney submitted an administrative grievance through the Department of Corrections. The grievance

-1-

was forwarded for investigation by Preyer, a food service director and employee of CBM. Preyer responded to the grievance, stating that the bread had "certification on file." In January 2006, however, Sisney received an affidavit from Preyer in the course of other litigation stating that CBM did not, at that time, have kosher certification for either the Metz or Old Home Bakery bread that had been provided through December 14, 2004. Sisney thereafter commenced this suit as the result of Preyer's conflicting responses and the assertion that non-kosher certified food had been (and was being) provided.

[¶5.]     Because this appeal concerns the circuit court's dismissal on the pleadings, the complaint's allegations that have been preserved for appeal are repeated verbatim. Sisney pleaded that Defendants were liable under the federal statutes for:

> "The violation of the plaintiff's rights guaranteed under the U.S. and South Dakota constitutions. . . ."

> "The conspiracy of the defendants to deny plaintiff his constitutional rights as guaranteed under the U.S. and South Dakota constitutions."

Sisney pleaded that Defendants were liable under the state causes of action for:

> "The deceptive acts of the defendants in violation of SDCL 37-24-6."

> "The fraudulent actions of the defendants in violation of SDCL 20-10-1 et seq."

> "The interference with the plaintiff's religious practices by the defendants in violation of SDCL 22-19B-4 and 20-9-32."

[¶6.]     Defendants moved to dismiss under SDCL 15-6-12(b)(5) for failure to state a claim upon which relief can be granted. The circuit court dismissed the

federal constitutional and conspiracy claims, concluding that the statute of limitations had expired as to Best, and tolling did not apply because Sisney did not assert fraud in connection with those claims. The court further concluded that Sisney did not assert facts sufficient to support his remaining federal claims. The court finally concluded that Sisney either did not assert sufficient facts or relied on inapplicable statutes to support his state law claims. Sisney now appeals the dismissal and the denial of an opportunity to amend his pleadings.

## II

[¶7.] We have followed the Supreme Court's *Conley* test to determine whether a complaint fails to state a claim upon which relief can be granted.

> The test most often applied is found in the leading case of *Conley v. Gibson,* 355 US 41, 45-46, 78 SCt 99, 102, 2 LEd2d 80, 84 (1957): In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Schlosser v. Norwest Bank S.D., 506 NW2d 416, 418 (SD 1993). Recently, however, the Supreme Court abrogated the *Conley* "no set of facts" standard. Bell Atlantic Corp. v. Twombly, __ US __, 127 SCt 1955, 167 LEd2d 929 (2007).[1] "[T]he Court

---

1. The Supreme Court observed that under "a focused and literal reading of *Conley's* 'no set of facts' standard, a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Bell Atlantic,* ___ at___, 127 SCt at 1968 (citations omitted). Thus, the Court concluded that the "[no set of facts] phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at___, 127 SCt at 1969.

retired the generous and often disparaged 'no set of facts' language because it permitted an 'approach to pleading [that] would dispense with any showing of a reasonably founded hope that a plaintiff would be able to make a case.'" Leventhal v. Schaffer, 2008 WL 111301, *2 (NDIowa 2008) (citing *Bell Atlantic*, __ US at __, 127 SCt at 1968-69). *Bell Atlantic* replaced the *Conley* standard with the following:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level[.] "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]

*Bell Atlantic,* __ US at __, 127 SCt at 1964-65 (citations omitted). The Supreme Court explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out *in detail* the facts upon which he bases his claim," *Conley v. Gibson,* 355 US 41, 47, 78 SCt 99, 2 LEd2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. *See* 5 Wright & Miller [Federal Practice and Procedure: Civil 3d] § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

*Id.* at __, 127 SCt at 1965 n3.

[¶8.]      Because SDCL 15-6-8(a)[2] also requires a "showing" that the pleader is "entitled" to relief, we adopt the Supreme Court's new standards. We continue to accept the material allegations as true and construe them in a light most favorable to the pleader to determine whether the allegations allow relief. *Fenske Media Corp. v. Banta Corp.*, 2004 SD 23, ¶7, 676 NW2d 390, 392-93. Because that determination tests the legal sufficiency of the pleading, we review the matter de novo. *Elkjer v. City of Rapid City*, 2005 SD 45, ¶6, 695 NW2d 235, 238.

III

*A*

*Whether Sisney's 42 USC §§ 1983 and 1985 claims*
*against Best were time barred.*

[¶9.]      Federal civil rights actions must be brought within three years after the alleged constitutional deprivation occurred. SDCL 15-2-15.2 (providing "[a]ny action brought under the federal civil rights statutes may be commenced only within three years after the alleged constitutional deprivation has occurred"). Sisney alleged that Best was the food service provider at SDSP until July 31, 2002. Sisney's suit was commenced on May 14, 2007, more than four years after Best

---

2.    SDCL 15-6-8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain:
>
> (1) A short and plain statement of the claim showing that the pleader is entitled to relief; and
> (2) A demand for judgment for the relief to which he deems himself entitled.
>
> Relief in the alternative or of several different types may be demanded.

provided food services. Therefore, Sisney's federal claims against Best were untimely.

[¶10.]        Sisney, however, argues that the statute of limitations was tolled by SDCL 15-2-3. That statute provides: "In an action for relief on the ground of fraud the cause of action shall not be deemed to have accrued until the aggrieved party discovers, or has actual or constructive notice of, the facts constituting the fraud." SDCL 15-2-3. Sisney's reliance on SDCL 15-2-3 is misplaced because Sisney did not seek relief based upon fraud in connection with his constitutional claims under 42 USC §§ 1983 and 1985.[3] The circuit court correctly dismissed the federal claims against Best as untimely.

---

3.      Sisney did allege that Preyer and CBM engaged in a fraudulent "cover-up" regarding bread certification. Sisney suggested that Preyer could have corrected CBM's alleged unconstitutional act (providing non-kosher food), but covered it up after the fact.

This allegation is insufficient for two reasons. First, Sisney alleged Preyer's conspiracy was with CBM, Preyer's corporate *employer*. This type of employer/employee agreement fails to satisfy the separate identity requirements necessary to sustain an alleged conspiracy between two parties. *See* Larson v. Miller, 76 F3d 1446, 1456 n6 (8thCir 1996) (providing: "According to the intracorporate conspiracy doctrine, a corporation cannot conspire with itself through its agents when the acts of the agents are within the scope of their employment."); Meyers v. Starke, 420 F3d 738, 742 (8thCir 2005) (providing, "any conspiracy claim under 42 USC § 1985(2) is barred under the intracorporate conspiracy doctrine, which allows corporate agents acting within the scope of their employment to be shielded from constituting a conspiracy under § 1985").

Second, although Sisney pleaded that Preyer's alleged cover-up constitutes a continuing constitutional violation, after-the-fact conduct following an alleged violation is insufficient because it occurred after the purported violation. Therefore, the subsequent "help" Preyer may have provided in covering-up an alleged violation could not have been a part of any initial violation depriving Sisney of a right or privilege secured by the Constitution. *See generally*

(continued . . .)

B

*Whether Sisney asserted sufficient facts regarding
the remaining Defendants under 42 USC § 1983 or § 1985.*

[¶11.]     Sisney pleaded that he may have been deprived of kosher bread, and therefore the remaining Defendants violated his rights "guaranteed under the U.S. and South Dakota constitutions." *See supra* ¶5.  Sisney did not, however, identify which provisions of the state or federal constitutions were allegedly violated.  More importantly, in his 42 USC § 1983 action against individual non-state actors, Sisney failed to plead the requirement that those Defendants acted pursuant to an unconstitutional state policy or custom.  *See* Sanders v. Sears, Roebuck & Co., 984 F2d 972, 976 (8thCir 1993).  We acknowledge that courts have liberally interpreted *pro se* civil rights litigation to not always require "language specifically alleging the 'existence of an unconstitutional policy or custom.'"  Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F3d 588, 591 (8thCir 2004) (citation omitted).  Nevertheless, some "language or facts from which an inference could be drawn that [defendants] had a[n illegal] policy or custom" is still required.  *Crumpley-Patterson*, 388 F3d at 591 (citation omitted).  Accordingly, even under the pre-*Bell Atlantic* standard, Sisney's failure to include any "allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from

---

(. . . continued)
      Benton v. Merrill Lynch & Co., 524 F3d 866, 870 (8thCir 2008) (noting that in construing a motion to dismiss on the pleadings, any alleged assistance in furthering a violation of law is irrelevant regarding whether the *initial* violation was sufficiently pleaded).

an unconstitutional policy or custom" renders the complaint deficient. *Id.* The circuit court's dismissal of the § 1983 claim is affirmed.

[¶12.] Sisney's § 1985 claim also fails. "Civil rights pleadings are construed liberally[, but] they must not be conclusory and must set forth facts which state a claim as a matter of law." Davis v. Hall, 992 F2d 151, 152 (8thCir 1993) (citing Nickens v. White, 536 F2d 802, 803 (8thCir 1976)). The allegations of the conspiracy required for a § 1985 claim must be pleaded with sufficient specificity and factual support to suggest a "meeting of the minds." Deck v. Leftridge, 771 F2d 1168, 1170 (8thCir 1985) (citation omitted). Therefore, a plaintiff alleging conspiracy is required to "at least allege that the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding, and provide some facts suggesting such a meeting of the minds." *Id. See also* Rogers v. Bruntrager, 841 F2d 853, 856 (8thCir 1988) (providing that a conspiracy claim requires allegations of specific facts showing a "meeting of minds" among alleged conspirators).

[¶13.] In this case, Sisney failed to allege any facts necessary to even infer a meeting of minds or mutual understanding. Sisney failed to state one fact alleging that an agreement existed, what the supposed agreement was, when it was reached, or who was involved; i.e., that an agreement existed between Best and CBM or between Best and Preyer. His complaint merely used the word "conspiracy" without any factual support to infer a meeting of the minds. *See supra* ¶5. Rule 12 (b)(5) and Rule (8)(a) require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic*, __ US at __, 127 SCt at

1964-65. These rules contemplate a "statement of circumstances, occurrences, and events in support of the claim presented." *Bell Atlantic*, __US at __, 127 SCt at 1965 n3. Having failed to meet these pleading requirements, Sisney's complaint failed to state a claim under § 1985.

C

*Whether Sisney stated State law claims.*

[¶14.] The circuit court dismissed Sisney's state law claims, concluding that he either did not raise sufficient facts establishing the claims or the statutes cited were inapposite. Sisney appeals only the dismissal of state law claims under SDCL 37-24-6; 20-10-1; 22-19B-4; and 20-9-32. We therefore limit our discussion to these statutes. *See* Spenner v. City of Sioux Falls, 1998 SD 56, ¶30, 580 NW2d 606, 613 (providing, "[f]ailure to brief [a] matter supported by case or statutory authority constitutes a waiver of that issue").

[¶15.] Sisney alleged that Defendants engaged in deceptive trade practices in violation of SDCL 37-24-6. This statute provides in part:

> It is a deceptive act or practice for any person to:
>
> (1) Knowingly and intentionally act, use, or employ any deceptive act or practice, fraud, false pretense, false promises, or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been mislead, deceived, or damaged thereby. . . .

SDCL 37-24-6 (emphasis added). This statute is, however, a criminal proscription under which Sisney has no individual rights of enforcement. Nygaard v. Sioux Valley Hosp. & Health Sys., 2007 SD 34, ¶33, 731 NW2d 184, 196. Sisney's rights,

if any, arose under the civil action allowed in SDCL 37-24-31, a related statute that specifically requires a causal connection between the alleged deceptive practice and the damages suffered:

> Any person who claims to have been adversely affected by any act or a practice declared to be unlawful by 37-24-6 shall be permitted to bring a civil action for the recovery of actual damages suffered *as a result of such act or practice.*

(Emphasis added). Therefore, to state a claim under SDCL 37-24-31 and 37-24-6, Sisney must have pleaded that he was adversely affected *as a result of* a deceptive practice used by the Defendants in connection with *their sale or advertising* of the bread. *See Nygaard,* 2007 SD 34, ¶33, 731 NW2d 184 at 196-97 (providing that to state a claim under SDCL 37-24-31, plaintiffs must have pleaded that their damages were proximately caused by alleged violations of the trade practices act).

[¶16.]      In this case, Sisney cannot prove that his claim involved the statute's core prohibited activity: damages proximately caused by deceptive practices in connection with the sale or advertisement of merchandise. Sisney cannot prove such a claim because he did not acquire the bread in connection with either Best's or CBM's practices in their sale or advertisement of their food services. The only trade practices that could have taken place in connection with the sale or advertising of the food services took place between Best/CBM and the State. Sisney was not involved in that transaction. Sisney acquired the bread only because he was an inmate who received the bread from the DOC in connection with Sisney's incarceration. Because Sisney cannot prove that he acquired the bread as a result of any deceptive practice in connection with its sale or advertising by Best or CBM,

the circuit court's dismissal of Sisney's claim under SDCL 37-24-31 and 37-24-6 is affirmed.

[¶17.]     Sisney also alleged that Defendants committed deceit in violation of SDCL 20-10-1, which provides: "One who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage where he thereby suffers." In pleading this tort, while malice, intent, knowledge, and conditions of the mind may be generally alleged, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." SDCL 15-6-9(b). The circuit court concluded: Sisney did "nothing more than assert a mere suspicion that the bread being served [was] not kosher-certified. The [c]omplaint contains no attending fact to support such an allegation." We disagree.

[¶18.]     As previously noted, the Supreme Court recently explained that although the pleadings must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," the review is conducted "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Bell Atlantic,* __US at __, 127 SCt at 1964-65 (citations omitted). We also accept the material allegations as true and construe them in a light most favorable to the pleader to "determine whether the allegations allow relief[.]" *Fenske Media Corp.,* 2004 SD 23, ¶7, 676 NW2d at 393 (citing *Schlosser,* 506 NW2d at 418).

[¶19.]     Considering these standards, Sisney's complaint not only pleaded facts suggesting that the bread provided was not "certified" kosher, but also that it was

non-kosher.  Sisney pleaded:  "that at all times Best represent[ed] the bread given to kosher diets [was] certified kosher," Complaint ¶11; "that because of Best Inc.'s deceit, [Sisney] consumed non-kosher bread," *id.* ¶15; that at all times, CBM "represent[ed] the bread given to kosher diets [was] certified kosher," *id.* ¶21; that he "was continually assured by CMB Inc. that all food given to [him] was kosher," *id.* ¶23; that Preyer's statement in his affidavit "contradict[ed] his assurance" that the bread "had kosher certification," *id.* ¶28; and that "[b]ecause of CMB Inc.'s deceit, [Sisney] consumed non-kosher bread," *id.* ¶30.  Sisney further pleaded:  that "at all times" CMB and Best knew that the bread was not certified, and that Preyer previously stated that bread was certified.  *Id.* ¶11.  Sisney finally asserted that "[t]he fraudulent actions of the defendants . . . violat[ed] SDCL 20-10-1."  *Id.* ¶36.

[¶20.]        These pleadings reference Preyer's contradictory statements and contain facts suggesting that because of Defendants' misrepresentations, Sisney consumed not only "non-certified," but also non-kosher food.  Because these factual averments are specific and SDCL 15-6-9(b) provides that a defendant's intent or knowledge may be averred generally, Sisney's allegations stated a claim for deceit under SDCL 20-10-1.

[¶21.]         Sisney finally alleged that Defendants violated SDCL 22-19B-4 and 20-9-32.  SDCL 22-19B-4 is a criminal statute that provides "[a]ny person who, by threats or violence, intentionally prevents another person from performing any lawful act enjoined upon or recommended by the religion which such person professes is guilty of a Class 1 misdemeanor."  Sisney cannot, however, independently enforce criminal statutes.  *See* Linda R.S. v. Richard D., 410 US 614,

619, 93 SCt 1146, 1149, 35 LEd2d 536 (1973). Therefore, the circuit court's dismissal of the claim premised on SDCL 22-19B-4 is affirmed.

[¶22.]    SDCL 20-9-32 provides a similar civil cause of action for a violation of SDCL 22-19B-1. Under SDCL 22-19B-1, it is unlawful for a person to:

> [M]aliciously and with the specific intent to intimidate or harass any person . . . because of that person's . . . religion . . . : (1) [c]ause physical injury to another person; or (2) [d]eface any real or personal property of another person; or (3) [d]amage or destroy any real or personal property of another person; or (4) [t]hreaten, by word or act, to do the acts prohibited[.]

Sisney, however, states no claim under this statute because he makes no claim that Defendants caused or threatened to cause physical injury either to him or his property.

IV

*Whether the circuit court abused its discretion in denying Sisney an opportunity to amend his complaint.*

[¶23.]    Sisney argues that the circuit court abused its discretion in failing to give him an opportunity to amend his complaint in order to cure any pleading deficiencies. A circuit court's decision regarding amendment of the pleadings "will not be disturbed on appeal unless there is a clear abuse of discretion which results in prejudice." *In re* T.A., 2003 SD 56, ¶38, 633 NW2d 225, 237. In this case, Sisney only generally raised the issue of amendment in a brief resisting dismissal. He did not file a motion to amend, nor did he explain what specific factual allegation he would have added to overcome the defects requiring dismissal. For these reasons, the circuit court did not abuse its discretion in declining to make, schedule, and grant (essentially *sua sponte*) a motion allowing amendment of the complaint.

#24682

[¶24.] The circuit court's dismissal of Sisney's federal claims is affirmed. The dismissal of Sisney's state law claims under SDCL 37-24-6, 22-19B-4, and 20-9-32 is affirmed. The dismissal of Sisney's claim under SDCL 20-10-1 is reversed and remanded.

[¶25.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and MEIERHENRY, Justices, concur.