#28649-r-GAS
**2019 S.D. 13**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

ABBY OLSON, BEN BLAKE, and
JODI L. MASSIE,                                           Appellants,

    v.

BUTTE COUNTY COMMISSION,                    Appellee,

    and

CHRIS KLING,                                            Intervenor and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
BUTTE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE MICHELLE K. COMER
Judge

* * * *

DYLAN A. WILDE
Spearfish, South Dakota

JOHN R. FREDERICKSON
Deadwood, South Dakota                      Attorneys for appellant.


CASSIE WENDT
Butte County State's Attorney
Belle Fourche, South Dakota


* * * *

ARGUED ON
JANUARY 9, 2019
OPINION FILED **03/13/19**

ROBERT L. MORRIS  
Belle Fourche, South Dakota

Attorneys for appellee  
Butte County Commission.

KELLEN B. WILLERT  
MAX S. MAIN of  
Bennett, Main, Gubbrud & Willert, P.C.  
Belle Fourche, South Dakota

Attorneys for intervenor and  
appellee Chris Kling.

SEVERSON, Retired Justice

[¶1.]        After considering a petition to vacate a public roadway and section line in Butte County, the County Commission entered a resolution vacating the road. Ben Blake, Jodi Massie, and Abby Olson (hereinafter collectively referred to as "Olson") jointly appealed the Commission's decision to the circuit court. The circuit court dismissed the appeal as untimely. We reverse and remand.

## Background

[¶2.]        On November 20, 2017, the Butte County Auditor received a petition requesting that the Butte County Commission vacate a certain public roadway and section line. The Commission gave notice by publication of a public hearing on the petition and held the hearing on January 11, 2018. After the hearing, the Commission received a letter requesting that the Commission not vacate a portion of the section line. The Commission considered the petition and the letter at its February 6 meeting and voted to approve the petition to vacate the public roadway and section line. The Commission, by resolution, entered an order to that effect and published the resolution and order on February 16 and February 23, 2018.

[¶3.]        On March 27, 2018, Olson appealed the Commission's decision to vacate the public roadway and section line. Olson served notice of appeal on Commissioner Stan Harm. Chris Kling intervened and filed a motion to dismiss the appeal as untimely, asserting it was not filed within thirty days of the last date of publication (between February 23 and March 26). The County joined Kling's motion. In response, Olson argued the appeal was timely because it was filed within thirty days of the effective date of the Commission's decision. In Olson's

view, the Commission's decision became effective on March 26, thereby commencing the time to appeal under SDCL 31-3-34.

[¶4.] After a hearing, the circuit court granted the motion to dismiss, concluding that Olson's time to appeal had expired (not commenced) on March 26. Olson appeals, asserting the circuit court erred when it dismissed the appeal as untimely.

## Analysis

[¶5.] The facts of this case are undisputed, and we need only engage in statutory interpretation and construction. "[W]e adhere to two primary rules of statutory construction. The first rule is that the language expressed in the statute is the paramount consideration. The second rule is that if the words and phrases in the statute have plain meaning and effect, we should simply declare their meaning and not resort to statutory construction." *Goetz v. State*, 2001 S.D. 138, ¶ 15, 636 N.W.2d 675, 681. When, however, "statutory construction is required 'statutes must be construed according to their intent, [and] the intent must be determined from the statute as a whole, as well as enactments relating to the same subject.'" *Dale v. Young*, 2015 S.D. 96, ¶ 6, 873 N.W.2d 72, 74 (quoting *Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611).

[¶6.] Olson appealed via SDCL 31-3-34. That statute provides in relevant part that:

> [N]otwithstanding the provisions of § 31-3-14, any person who is a resident or landowner of such county or of land lying within ten miles of the boundaries of such county and who feels aggrieved by the final decision of the board in locating, vacating, or changing any public highway under the provisions of this chapter, may appeal from such decision to the circuit court for

the county *within thirty days after the date on which the decision of the board has become effective* by serving a written notice of appeal describing the decision from which appeal is being taken upon one of the members of the board by one of the methods prescribed in § 15-6-4.

*Id.* (emphasis added).∗ The statute does not identify when a decision of the "board has become effective[.]" Nor does any other statute within SDCL chapter 31-3 provide an effective date related to a board's decision to locate, vacate, or change a road.

[¶7.] Olson argues the Commission's decision could not "become effective" until it became enforceable. As support, Olson directs us to SDCL 31-3-9, which governs the publication requirements and provides that once the resolution is properly published, "such highway shall be, after a lapse of thirty days, vacated, changed, or located, without further proceedings unless appeal as provided for in this chapter." In Olson's view, because the Commission could not enforce its decision to vacate until thirty days after the last date of publication (so long as no

---

∗ SDCL 31-3-34 also provides that "[t]he appeal so taken shall be docketed as other causes pending in such court, and the same shall be heard and determined de novo." In *South Dakota Department of Game, Fish & Parks v. Troy Township*, we clarified that—despite statutory language prescribing de novo review—the appropriate standard of review depends on whether the Commission's action was quasi-judicial or not quasi-judicial. 2017 S.D. 50, ¶ 20, 900 N.W.2d 840, 849. If the action is quasi-judicial, then the circuit court may apply de novo review. If not, the circuit court is limited to determining whether the Commission acted unreasonably, arbitrarily, or manifestly abused its discretion. *Id.* ¶ 24. In *Troy Township*, we held that the decision to vacate a road was not quasi-judicial based on the fact the decision did not require an adjudication of specific individuals' existing rights and because the decision was one of policy. *Id.* ¶ 22. In this appeal, we do not determine whether the Commission's decision was quasi-judicial. Indeed, the underlying facts relevant to the Commission's decision are not before this Court. Therefore, we need only determine whether the circuit court erred when it dismissed the appeal as untimely.

appeal was filed), its decision could not, as the circuit court concluded, become effective on the date of last publication for purposes of SDCL 31-3-34. As further support, Olson emphasizes that nothing in SDCL 31-3-34 refers to the date of publication as being the effective date.

[¶8.] In response, Kling and the County maintain the Commission's decision became "effective" for purposes of SDCL 31-3-34 on the last date of publication under SDCL 31-3-9. They claim to conclude otherwise would mean a decision by the Commission could be challenged under SDCL 31-3-34 *after* the land comprising a vacated road has reverted to the original owner under SDCL 31-3-10. SDCL 31-3-10 provides:

> Upon the discontinuance and vacation of a highway *pursuant to §§ 31-3-6 to 31-3-9*, inclusive, the *title to the land* embodied therein shall *revert to the original owners* or their grantees or successors in interest, and any removable guardrails, culverts, or other public improvements upon such vacated highway may be removed and returned to the political subdivision by which the same were made or supplied.

(Emphasis added.) Kling also contends Olson's interpretation would create "an absurd and unreasonable result."

[¶9.] From our review of SDCL 31-3-34 and SDCL chapter 31-3 as a whole, we discern no legislative intent that the effective date under SDCL 31-3-34 is the last date of publication under SDCL 31-3-9. There is no reference to *publication* in SDCL 31-3-34 and nothing in SDCL 31-3-9 makes the Commission's resolution *effective* on the last date of publication.

[¶10.] Therefore, to accept the interpretation advanced by Kling and the County would require us to add words to SDCL 31-3-34 and SDCL 31-3-9 that do

not exist. This we cannot do. When we interpret legislation, we "cannot add language that simply is not there." *In re Petition for Declaratory Ruling*, 2016 S.D. 21, ¶ 9, 877 N.W.2d 340, 344 (quoting *State v. Hatchett*, 2014 S.D. 13, ¶ 14, 844 N.W.2d 610, 615). As such, we likewise decline to adopt Olson's interpretation, namely that the decision became effective when the thirty days under SDCL 31-3-9 lapsed (and no appeal was filed). Nothing in SDCL chapter 31-3 suggests that the Legislature intended the end of the lapse period under SDCL 31-3-9 to be the effective date under SDCL 31-3-34.

[¶11.] Because neither SDCL 31-3-34 nor SDCL chapter 31-3 aid in discerning legislative intent, we "look to the legislative history, title, and the total content of the legislation to ascertain the meaning." *See LaBore v. Muth*, 473 N.W.2d 485, 488 (S.D. 1991). Prior to its amendment in 1985, SDCL 31-3-34 provided that an appeal was to be taken in "the manner and within the time prescribed for other appeals from decisions of boards of county commissioners[.]" SDCL 31-3-34 (1984). Looking then to a statute prescribing a time for appeal, SDCL 7-8-29 provides that appeals from county commission decisions must be taken "within twenty days after the *publication* of the decision of the board[.]" (Emphasis added.) Although this legislative history does not directly reveal the date upon which the Legislature intended a board's decision to become effective under the current version of SDCL 31-3-34, it does suggest the Legislature intended something different when it amended the statute and connected the time to appeal to the "date on which the decision of the board has *become effective*" rather than to the timing of publication.

[¶12.] "[O]ther enactments relating to the same subject" provide another tool of statutory construction in determining legislative intent. *State v. Burdick*, 2006 S.D. 23, ¶ 6, 712 N.W.2d 5, 7. We construe statutes "*in pari materia* when 'they relate to the same person or thing, to the same class of person or things, or have the same purpose or object.'" *Lewis & Clark Rural Water Sys., Inc. v. Seeba*, 2006 S.D. 7, ¶ 15, 709 N.W.2d 824, 831 (quoting *Goetz*, 2001 S.D. 138, ¶ 26, 636 N.W.2d at 683). One such enactment is SDCL 7-18A-8. Under that statute, "every resolution or ordinance passed by a board shall take effect on the twentieth day after its completed publication unless suspended by operation of referendum." *Id.* Therefore, absent a different effective date identified by the Legislature, the effective date under SDCL 7-18A-8 applies to all county commission resolutions, except those necessary for "immediate preservation of the public peace, health, or safety, or support of the county government[.]" *Id.*

[¶13.] Because the Legislature has not declared a different effective date for a resolution by a county commission vacating a road under SDCL chapter 31-3, we apply SDCL 7-18A-8 and conclude a commission's resolution and order vacating a road becomes effective under SDCL 31-3-34 twenty days after completed publication under SDCL 31-3-9. Admittedly, this interpretation means an appeal might be taken under SDCL 31-3-34 after a road is located, vacated, or changed and the land comprising the road has reverted to the original owners. *See* SDCL 31-3-9 and -10. Yet the remedy against this type of procedural issue exists with the Legislature. Indeed, to conclude otherwise would require us to rewrite SDCL 31-3-34 or other statutes within SDCL chapter 31-3 in direct violation of our judicial scope of

authority to interpret what the Legislature said (not what we think it should have said). "[C]ourts have no legislative authority, and should avoid judicial legislation, a usurpation of legislative powers, or any entry into the legislative field." *In re Petition of Famous Brands, Inc.*, 347 N.W.2d 882, 884 (S.D. 1984). We, therefore, call on the Legislature to act.

[¶14.]    The Commission's decision became effective twenty days after February 23, and Olson had thirty days after that date in which to appeal. Because Olson appealed on March 27, her appeal was timely, and the circuit court erred when it dismissed the appeal.

[¶15.]    Reverse and remand.

[¶16.]    GILBERTSON, Chief Justice, and KERN, JENSEN, and SALTER, Justices, concur.