#30441-r-SPM
**2024 S.D. 46**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

KEVIN JUCHT,                                        Plaintiff and Appellant,

v.

NATHAN SCHULZ,                                  Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
MCCOOK COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE CHRIS GILES
Judge

* * * *

ELIZABETH S. HERTZ
MITCHELL A. PETERSON of
Davenport, Evans, Hurwitz
  & Smith, LLP
Sioux Falls, South Dakota                    Attorneys for plaintiff and
                                                   appellant.


MATTHEW J. MCINTOSH of
Beardsley, Jensen & Lee, Prof. LLC
Rapid City, South Dakota                     Attorneys for defendant and
                                                   appellee.

* * * *

ARGUED
MARCH 20, 2024
OPINION FILED **08/14/24**

MYREN, Justice

[¶1.]       Kevin Jucht and Nathan Schulz farm on abutting land.  Jucht sued

Schulz for using a chemical spray that allegedly damaged Jucht's crops.  Schulz

filed a motion to dismiss.  The circuit court granted Schulz's motion to dismiss, and

Jucht appeals.  We reverse and remand.

## Factual and Procedural History

[¶2.]       The following facts are as set out in Jucht's complaint.  Schulz farms

land next to Jucht.  Schulz "sprayed fields adjacent to Jucht's property with a

chemical mixture in such a manner as to cause severe drift on Jucht's property."

"That day at around 11:07 a.m., [Schulz] called Jucht to inquire what Jucht had

planted on his property."  Schulz "continued spraying, finishing around 6:00 p.m."

Subsequently, Jucht's soybeans were damaged.

[¶3.]       Jucht reported the incident to the South Dakota Department of

Agriculture and Natural Resources (DANR).  DANR advised Jucht to refrain from

any involvement in the DANR's investigation of the report.  Jucht subsequently

sued Schulz for negligence, strict liability, trespass, and nuisance, requesting actual

and punitive damages.  Jucht's complaint alleged Schulz "had actual notice of

DANR's investigation of Jucht's complaint."  Jucht's complaint also alleged: "At no

time did [Schulz] request entry to Jucht's property to inspect the damaged

vegetation, and at no time did Jucht deny [Schulz] entry to his property."

[¶4.]       Schulz filed a motion to dismiss under SDCL 15-6-12(b)(5), asserting

that Jucht failed to state a claim upon which relief could be granted.  Schulz argued

the circuit court must dismiss Jucht's complaint because Jucht failed to provide

notice to Schulz as required by SDCL 38-21-46.  The circuit court granted the motion to dismiss.  Jucht appeals.

## Decision

[¶5.]    SDCL 38-21-46 reads:

Any person claiming damages from any use of a pesticide shall notify by certified mail the pesticide applicator of the alleged damage within the earlier of:

(1) Thirty days after the date that the damages were observed or should have been observed; or
(2) If a growing crop is alleged to have been damaged, before the time that twenty-five percent of the crop has been harvested or destroyed.

This section does not apply if the person seeking reimbursement for damage was the applicator of the pesticide.

[¶6.]    SDCL 38-21-47 reads:

Upon notifying the applicator as required under § 38-21-46, the person seeking reimbursement for the alleged damage shall permit the applicator and up to four representatives of the applicator to enter the person's property during reasonable hours for the purpose of observing and examining the alleged damage.  If the person fails to allow entry, the person is barred from asserting a claim against the applicator.

[¶7.]    Schulz claims Jucht did not provide the notice required under the statute and is therefore barred from asserting his claim.  Jucht contends that failure to provide the notice identified in SDCL 38-21-46 does not bar any cause of action for damages.  In support of his argument, Jucht relies primarily on *Durham v. Ciba-Geigy Corp.*, 315 N.W.2d 696, 698 (S.D. 1982).  There, interpreting earlier versions of these statutes that did not include the notice requirement at issue in Jucht's appeal, this Court rejected the claim that "the filing requirements of SDCL

38-21-46 serve as either a condition precedent or a statute of limitations barring [plaintiff's] cause of action because he failed to comply with the filing requirements." *Id.* When *Durham* was decided, SDCL 38-21-46 required a person claiming damages to file a form with the Secretary of the Department. When interpreting that provision, the *Durham* Court relied heavily on the nature of chapter 38-21 as it then existed. The Legislature has significantly amended the statutes within chapter 38-21 since *Durham*. This appeal presents this Court the first opportunity to interpret the current version of SDCL 38-21-46. We assess the statutes as they currently exist and apply our well-known interpretative rules:

> "[W]e give words their plain meaning and effect, and read statutes as a whole." "When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed." "When, however, 'statutory construction is required statutes must be construed according to their intent, and the intent must be determined from the statute as a whole, as well as enactments relating to the same subject.'"

*Matter of I.A.D.*, 2023 S.D. 36, ¶ 16, 993 N.W.2d 911, 916 (citations omitted) (alteration in original) (quoting *Olson v. Butte Cnty. Comm'n*, 2019 S.D. 13, ¶ 5, 925 N.W.2d 463, 464).

[¶8.] In his complaint, Jucht alleged that Schulz had "actual notice of DANR's investigation of Jucht's complaint" and that "Schulz had not requested entry to Jucht's property to inspect the damaged vegetation, and at no time did Jucht deny [Schulz] entry to his property." "When reviewing orders on a motion to dismiss, this Court accepts the facts alleged in the complaint as true and construes them in the light most favorable to the pleader." *Paul v. Bathurst*, 2023 S.D. 56,

¶ 2, 997 N.W.2d 644, 647 (citing *Sisney v. Best Inc.*, 2008 S.D. 70, ¶ 8, 754 N.W.2d 804, 809).

[¶9.] The circuit court concluded that Jucht was barred from seeking recovery for the alleged damages because he did not provide the notice required by SDCL 38-21-46. The circuit court's construction of SDCL 38-21-46 and 47 was incorrect. While SDCL 38-21-46 requires that the person claiming damage give notice of the alleged damage to the pesticide applicator, failure to provide such notice does not bar the claimant from bringing their claim.* Instead, a claimant is barred from seeking recovery under SDCL 38-21-47 when the claimant "fails to allow entry" to the pesticide applicator to observe and inspect the alleged damage.

[¶10.] The purpose of the notice required by SDCL 38-21-46 is to enable the applicator to gain timely access to the property to inspect the alleged damage. The opening phrase of SDCL 38-21-47 ("[u]pon notifying the applicator as required under § 38-21-46") presumes the claimant gave the pesticide applicator the required notice. *See Hollman v. S.D. Dep't of Soc. Servs.*, 2015 S.D. 21, ¶ 9, 862 N.W.2d 856, 859 ("We presume the Legislature does not insert surplusage into its enactments."). When SDCL 38-21-46 and 47 are read in conjunction, it is apparent that the Legislature intended to preserve the pesticide applicator's right to inspect the alleged damage shortly after the damage is observed and to bar a claimant from

---

* By comparison, SDCL 3-21-2 provides that "*[n]o action* for the recovery of damages for personal injury, property damage, error, or omission or death caused by a public entity or its employees *may be maintained* against the public entity or its employees *unless written notice* of the time, place, and cause of the injury is given to the public entity as provided by this chapter within one hundred eighty days after the injury." (Emphasis added.)

asserting a claim if that claimant thwarts the applicator's right to inspect the damage in a timely fashion. A pesticide applicator cannot attempt to exercise its statutory right to inspect the damage *and* thereby be barred entry by the claimant *unless* the applicator knows of the claimant's alleged damage. Although the statutes do not mandate dismissal of a claim based solely on lack of notice, it is conceivable that a lack of timely notice to the pesticide applicator could impair that applicator's right to inspect the damage in a timely fashion.

[¶11.]     For purposes of ruling on the motion to dismiss, the circuit court was obliged to accept as true the allegations in Jucht's complaint. Taken as true, those averments were sufficient to survive the motion to dismiss. Further proceedings will establish the nature and timing of the notice Schulz received regarding the alleged damage and whether he was afforded the opportunity to exercise his statutory right under SDCL 38-21-47 to inspect the alleged damage.

[¶12.]     We reverse the order granting the motion to dismiss and remand for proceedings consistent with this opinion.

[¶13.]     JENSEN, Chief Justice, and KERN, SALTER, and DEVANEY, Justices, concur.